CARLTON WHEELER, Appellee, v. W. H. MENOLD *et al.*,
Appellants.

Mortgage: RECORD : NOTICE. In an action by a junior mortgagee
for the foreclosure of his mortgage, and for permission to redeem
from the prior mortgage, the latter relief will not be denied,
because, by reason of an extension of time for payment granted
the mortgagor, the mortgage debt is not due, where it appears
that the plaintiff had neither actual nor constructive notice of
such extension of time at the time he received his mortgage.

*Appeal from Sac District Court.*—HON. JAMES H.
MACOMBER, Judge.

FRIDAY, JANUARY 23, 1891.

THIS is an action to foreclose a mortgage. There
was a decree granting the relief prayed for in plaintiff's
petition. The defendants, who are senior mortgagees,
appeal.

*W. A. Helsell*, for appellants.

*R. M. Hunter*, for appellee.

BECK, C. J.—I. This case is triable here *de novo*.
The facts are these: The plaintiff seeks in this action
to foreclose a mortgage on lands executed September
8, 1888, to secure three promissory notes before given.
The mortgagee assigned the mortgage to plaintiff, who
brings this action, making the mortgagors, Menold and
wife, and the senior mortgagees, Capen and Helsell,
defendants. These mortgagees separately hold mort-
gages executed by Menold and wife on the land covered
by plaintiff's mortgage. These mortgages were exe-
cuted and filed for record in 1883 and 1884, before the
execution of plaintiff's mortgage. The dates of the
execution and recording of the mortgages need not be
more particularly stated. The time of payment of the

mortgages executed before plaintiff's mortgage was extended, under an agreement between the mortgagors and the several mortgagees, so that, when this action was begun, the senior mortgagees could not have instituted actions to foreclose their respective mortgages. This extension of time of payment was made by one of the mortgagees by a written agreement, after plaintiff's mortgage was executed, and a like extension was made by the other mortgagee by an oral agreement, but the date thereof does not appear. It is not shown that plaintiff had notice of these extensions of time of payment, either when he took his mortgage or before this suit was brought. The plaintiff, in his petition, asks, in effect, that he be permitted and authorized to redeem from the other mortgages on the land held by defendants, upon paying the amount found due thereon, and that his mortgage be foreclosed. This relief was granted by the decree. The mortgagors did not answer in the court below, and do not appeal. They make no objection to the decree.

II. The defendants, Capen and Helsell, insist that, as the debts secured by their mortgages were not due, plaintiff cannot maintain his action to redeem and foreclose; that, the time for the payment of the mortgages being fixed by contract, plaintiff cannot interfere and require defendants to accept the money due on the mortgages by redeeming therefrom.

III. We need not determine whether, if plaintiff had known when he took his mortgage, or could have been charged with notice, that the payment of the debts had been extended, he could enforce his right to redeem, and foreclose before the maturity of the debts under the new contract. The case, as presented by the abstract, does not show such knowledge or notice. We are to determine whether plaintiff, without such knowledge or notice, is bound by the contract of extension made by the senior mortgagees and the mortgagors.

IV. It is presumed that plaintiff, when he took his mortgage, relied upon the record to disclose the

prior incumbrances, and the dates of their maturity. The holders of these prior incumbrances will not be permitted to unite with the mortgagors, and so change the contract in any particular, that it would prejudice subsequent incumbrancers, having no notice or knowledge of such change. The prejudice resulting to the subsequent incumbrancer in this case is obvious. He is delayed in the foreclosing of his mortgage, and the redemption under it, while the security is being consumed by the accumulation of interest on the debt of the senior mortgage. Jones, Mortg., secs. 730 and 732.

Other points need not be considered. It is our conclusion that the decree of the district court ought to be AFFIRMED.